FAIRHURST, C.J. (concurring)
¶ 29 I agree with the majority's resolution of this case, but I write separately to point out two areas where I believe the majority says more than is necessary. First, I think that RCW 10.77.200(5) is plain on its face and thus there is no need to consider other aids of construction. The relevant portion of RCW 10.77.200(5) states, "Nothing contained in this chapter shall prohibit the patient from petitioning the court for release or conditional release from the institution in which he or she is committed. The petition shall be served upon the court, the prosecuting attorney, and the secretary." Pursuant to our rules of statutory interpretation, we should resort to legislative history only if a statute is ambiguous. State v. Armendariz, 160 Wash.2d 106, 110-11, 156 P.3d 201 (2007). If the plain language of the statute is unambiguous, then our inquiry is at an end. Id. The majority does not follow our well established jurisprudence for statutory interpretation, and instead engages in an unnecessary review of the legislative history. Majority at 288-89. Though I agree with the majority's interpretation of the statute, the reliance on the legislative history, even if only for purposes of bolstering, is misplaced. The letter from then representative Kenneth Eikenberry and his statements during the 1974 House Judiciary Committee hearing have no legal effect. See majority at 288-89; In re F.D. Processing, Inc., 119 Wash.2d 452, 461, 832 P.2d 1303 (1992) ("[T]he comments of a single *235 legislator are generally considered inadequate to establish legislative intent.").
¶ 30 Second, I do not think the court should opine on when an insanity acquittee is entitled to counsel during an administrative hearing before the Department of Social and Health Services (DSHS). Majority at 291. Charles David Fletcher never submitted an application for conditional release to DSHS, so the issue is not properly before us. I d. at 286-87 (Fletcher mailed a letter to the superior court judge, not DSHS). The fact that the Court of Appeals commissioner explained that Fletcher had no one to assist him to apply to DSHS does not create an issue *293 before us when the facts indicate otherwise. Id. at 287 n.3. If the issue were presented, I may not disagree with the majority, but I refrain from deciding that at this time. While deciding this issue, the majority also asserts that the same procedures apply to DSHS applications and direct petitions for conditional release. Id. at 291. Similarly, I refrain from deciding that at this time.
Johnson, J.
Madsen, J.